**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:25-CV-95-JHM**

**BRANDON BOGAN**                                                                        **PLAINTIFF**

**v.**

**MARIE BRINDLE,** *et al.*                                                          **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Brandon Bogan filed the instant *pro se* civil-rights action proceeding under 42 U.S.C. § 1983.  [DN 1].  This matter is now before the Court on a motion to dismiss by Defendant Marie Brindle pursuant to Fed. R. Civ. P. 12(b)(6) [DN 72] and a motion for summary judgment by Plaintiff against Defendant Brindle [DN 87].

**I.  BACKGROUND**

Plaintiff, currently incarcerated at the Blackburn Correctional Complex, complains of conduct that occurred during his detention as a convicted prisoner at the Green River Correctional Complex ("GRCC").  Plaintiff sued GRCC correctional officers Marie Brindle, Shawn Martin, and Chase McRoy in their individual and official capacities, Wellpath, and Wellpath Nurse Karen Ramey.  [DN 1, DN 1-2, DN 14, DN 14-1].  Upon review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's claims to proceed against Defendants Brindle, Martin, McRoy, and Ramey in their individual capacities and against Wellpath.  [DN 15].

Plaintiff contends that Defendant Brindle and others retaliated against him because he mailed a health-hazard complaint to the health department and he filed grievances and a Prison Rape Elimination Act ("PREA") complaint.  Specifically, Plaintiff alleges that Defendant Brindle was aware of the content of his health-hazard complaint, his grievances, and his PREA claim and

that soon after he filed them, he was placed in administrative segregation for "inciting a riot" and creating disruption in the living area.  Additionally, Plaintiff maintains that prior to his move to administrative segregation, he was not permitted to be present while correctional officers packed up his belongings.  Plaintiff alleges that upon his release from administrative segregation, he discovered that some of his property was missing, including his copy of the letter he sent to the health department.

Plaintiff further asserts that the statements Defendant Brindle made in the disciplinary report were false and that Defendant Brindle delayed in sending at least one of his grievances to the appropriate grievance officer.  As a result of the disciplinary report, Plaintiff states that he was placed in administrative segregation for 15 days, lost 60 days of good time credit, lost privileges, lost job duties, and lost state pay.  Plaintiff also alleges that Defendant Brindle violated his right to privacy by reading his health-hazard complaint and grievances and violated his access to the courts by withholding his grievances.  Finally, Plaintiff states that he also holds her responsible for the inadequate and unsanitary housing conditions at GRCC.  [DN 1, DN 1-2].  Plaintiff alleges that the correctional officers, including Defendant Brindle, violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments.

## II.  STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id*. at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. Instead, the allegations must "show[ ] that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Courts apply the same standard when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as they do on initial review under § 1915A. *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013); *Wilder v. Collins*, No. 2:12-CV-00064, 2012 WL 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."); s*ee also Johnson v. Brady*, No. 4:19-CV-P29-JHM, 2019 WL 6311997, at *1 (W.D. Ky. Nov. 25, 2019); *Clark v. Ramey*, No. 5:17CV-P44-GNS, 2018 WL 810589, at *2 (W.D. Ky. Feb. 8, 2018). As another district court stated, "a motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012). With the foregoing in mind, the Court will address the merits of the instant motion.

## III. DISCUSSION

Defendant Brindle moves to dismiss the claims against her, arguing that Plaintiff failed to exhaust his administrative remedies and failed to plead claims plausible on their face. [DN 72].

Plaintiff filed a response [DN 88], and Defendant Brindle filed a reply [DN 94].

### A.  Exhaustion of Administrative Remedies

Defendant Brindle argues that Plaintiff did not exhaust his administrative remedies by filing a grievance and/or appealing the grievance to the Commissioner as required under the Kentucky Corrections Policy and Procedure 14.6.  In support of her argument, Defendant Brindle attaches a spread-sheet list of grievances received by GRCC for the month of July 2025 which Defendant Brindle argues demonstrates that Plaintiff did not file a grievance against her. [DN 72-3].  Plaintiff argues that the grievance list attached to her motion to dismiss is a public record and can be considered on a motion to dismiss without converting it to a motion for summary judgment.

Generally, the undersigned usually considers the issue of exhaustion at the summary judgment stage.  In fact, in *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Id.*  Considering *Jones*, the Sixth Circuit has concluded that the exhaustion affirmative defense is best raised in a motion for summary judgment.  *See, e.g.*, *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014); *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009).  This is because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) (holding that when "matters outside the pleadings are presented to and not excluded by the court," a motion to dismiss must be treated as a motion "for summary judgment under Rule 56") (quoting Fed. R. Civ P. 12(d)).  Despite Defendant Brindle's argument, the one-page grievance list is not sufficient for the Court to determine if Plaintiff exhausted his administrative remedies.

Because Defendant Brindle filed her dispositive motion in lieu of an answer before discovery is complete, the Court declines to convert Defendant Brindle's motion to dismiss to one for summary judgment under Rule 56. *See*, *e.g.*, *Ramos v. Wal-Mart Stores, Inc.*, No. 3:21-CV-00152, 2022 WL 2921133, at *4 (M.D. Tenn. July 25, 2022). Accordingly, the Court denies Defendant Brindle's motion to dismiss on this basis.

### B.  Failure to State a Claim

Defendant Brindle argues that Plaintiff's claims against her fail to state a plausible claim of a violation of his constitutional rights. The Court has previously reviewed Plaintiff's claims made against Defendant Brindle and the other correctional officers under the same standard of review and permitted the claims to proceed. Accordingly, the motion by Defendant Brindle to dismiss Plaintiff's claims against her on this basis is denied as well.

### IV.  CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Defendant Brindle's motion to dismiss [DN 72] is **DENIED** and that Defendant Brindle shall file an answer **no later than July 2, 2026**.

In response to Defendant Brindle's motion to dismiss, Plaintiff filed a response objecting to the motion [DN 88] and a motion for summary judgment [DN 87]. Because the parties have not had the opportunity to complete discovery, **IT IS ORDERED** that Plaintiff's motion for summary judgment [DN 87] is **DENIED as premature**.

The parties should adhere to the Revised Scheduling Order. [DN 93].

Date: June 11, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4414.014